IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21021-CIV-MOORE-SIMONTON

FRANK PAULET,

    Plaintiff,

vs.

FARLIE, TURNER & CO., LLC,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING MOTION FOR ATTORNEYS' FEES

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand to State Court with Incorporated Memorandum of Law (dkt # 9). Defendant filed a Response (dkt # 15) and Plaintiff filed a Reply (dkt # 18).

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.    **BACKGROUND**

This case involves a claim brought by Plaintiff Frank Paulet ("Paulet") against Defendant Farlie, Turner & Co. ("Farlie Turner"), alleging a violation of Florida's Whistleblower Protection Act, § 448.102, Florida Statutes ("FWA"). Paulet was employed as an associate with Farlie Turner, an investment banking firm, from April 2008 until his termination in January 2010.[1] In an Annual Review Form prepared in April 2009, Paulet met or exceeded Farlie Turner's expectations

---

[1] The following facts are taken from the Amended Complaint (dkt # 16).

in all job performance areas. Around November 2009, Paulet began objecting to Farlie Turner's use of copyrighted materials of third parties in marketing reports that were sent to Farlie Turner's existing and prospective clients. He believed that the conduct was an improper violation of copyright law. Paulet alleges that his termination was directly related to and motivated by his objections and unwillingness to voluntarily participate in Farlie Turner's alleged copyright violations.

On March 11, 2010, Paulet filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging that Farlie Turner violated the FWA. On March 31, 2010, Farlie Turner filed a Notice of Removal (dkt # 1) pursuant to 28 U.S.C. § 1331, because the right to relief under Paulet's state law claim is dependent, in substantial part, on the application of federal law and therefore arises under the laws of the United States.

Paulet filed the instant Motion to Remand to State Court on April 26, 2010 (dkt #9).[2] Paulet asserts that removal was improper because the action does not arise under the laws of the United States. Id. at 2. Paulet also requests that the Court award attorneys' fees. Id. at 16. On May 13, 2010, Farlie Turner filed a Response (dkt # 15), arguing that this Court should exercise jurisdiction over Paulet's claims because Paulet's right to relief necessarily depends on the legal interpretation and resolution of substantial questions of federal copyright law. Resp. at 1-2. Paulet filed a Reply (dkt # 18) on May 24, 2010.

## II.   STANDARD OF REVIEW

Federal courts enjoy only limited jurisdiction. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). A party removing a case from state to federal court has the burden of

---

[2] On April 7, 2010, Farlie Turner filed a Motion to Dismiss (dkt # 5). This Motion is pending.

proving that federal jurisdiction exists. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1318 (11th Cir. 2001)). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id.

### III.  ANALYSIS

Farlie Turner asserts that this Court has jurisdiction over Paulet's FWA claim because the right to relief under Paulet's state law claim is dependent, in substantial part, on the application of federal law and therefore arises under the laws of the United States. 28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331. Pursuant to § 1331, a federal court may have federal question jurisdiction over state law claims that implicate significant federal issues. In determining whether a state law claim implicates significant federal issues, "[t]he question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). The federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id. at 313. Exercising "arising under" jurisdiction over a state law claim always raises the possibility of upsetting the state-federal line drawn by Congress. Therefore, there must always be an assessment of any disruptive effect in exercising federal jurisdiction; the presence of a

3

disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive. Id. at 314. "The Supreme Court has never treated the phrase 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Id.

    A.    <u>Paulet's State Law Claim Raises a Federal Issue That Is Actually Disputed</u>

In the present case, Paulet brings a claim under the FWA in which he alleges he was terminated because he refused to participate in actions that he believed violated federal copyright law. The FWA provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." § 448.102(3), Fla. Stat. To succeed with his claim under the FWA, Paulet must show that he: (1) objected to, or refused to participate in, a violation of federal copyright law; and (2) was terminated because of that protected expression. Id. The FWA requires proof of an <u>actual</u> violation of federal law for an employee to prevail as a whistleblower. White v. Purdue Pharma., Inc., 369 F. Supp. 2d 1335, 1337 (M.D. Fla. 2005); see also Blanche v. Airtran Airways, Inc., No. 8:01CV1747-T-30MSS, 2005 WL 1051097, at *2 (M.D. Fla. May 2, 2005) (holding that "there must be an actual violation of law to come within [the FWA]"). Thus, Paulet must show that the conduct in which Farlie Turner engaged was an actual violation of federal copyright law.

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements[3] of the work that are original.[4]" Feist

---

[3] A constituent element is any part or component of a work.

[4] Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B].

4

Publ'ns, Inc. v. Rural Tele. Serv., Inc., 499 U.S. 340, 361 (1991). Paulet objected to Farlie Turner's conduct because he believed it was a violation of copyright law. Am. Compl. ¶ 10. Farlie Turner "vehemently disputes and denies that it has committed any violation of federal copyright law." Resp. at 6. Thus, this case raises a federal issue, actually disputed, because the Parties disagree on whether there was a copyright violation. See Grable, 545 U.S. 308 (finding a federal issue, actually disputed, because parties in a state court quiet title action disagreed over the meaning of a federal tax provision); Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1300 (11th Cir. 2008) (finding a federal issue, actually disputed, because a federal law was involved in a state law libel and negligence action).

  B. <u>The Federal Issue Involved is Not Substantial Under Grable</u>

  While this case raises a federal issue, actually disputed, the federal issue involved is not substantial. It takes more than a federal issue to open the door to "arising under" jurisdiction. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006) (noting federal courts have rejected the "expansive view that mere need to apply federal law in a state law claim will suffice to open the 'arising under' door."); see also Shulthis v. McDougal, 225 U.S. 561, 569 (1912) (finding that there was no federal question jurisdiction to hear a plaintiff's quiet title claim in part because the federal statutes on which title depended were not subject to "any controversy respecting their validity, construction, or effect"). When determining if a claim raises a substantial question of federal law, it is important to analyze whether the claim raises a "nearly pure issue of law." Empire, 547 U.S. at 700; see also Bennett v. Sw. Airlines Co., 484 F.3d 907 (7th Cir. 2007) (emphasizing the distinction between factual and legal issues in determining substantiality when it found that a federal court could not exercise jurisdiction over an Illinois state tort claim

5

stemming from an aviation accident); Singh v. Duane Morris LLP, 538 F.3d 334, 339 (5th Cir. 2008) (finding federal jurisdiction inappropriate where the "federal issue [did not require] resolution of an important question of law" but was "predominantly one of fact." An issue is a nearly pure legal issue if it is a "context-free inquiry into the meaning of a federal law."). Bennett, at 910 (7th Cir. 2007). If a claim is only "fact-bound and situation-specific," it will not fall under federal question jurisdiction. Id.

Farlie Turner asserts that this case raises a substantial federal issue because the state law claim involves a determination of federal copyright law. Farlie Turner analogizes the present case to Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262 (Fed. Cir. 2007), which noted that "Grable did not hold that only state law claims that involve constructions of federal statute or pure questions of law belonged in federal court." Air Measurement, 504 F.3d at 1272. The Court in Air Measurement held that federal jurisdiction was proper since resolution of the patent holders' state law malpractice claims required resolution of a substantial question of patent law. Id. at 1268 (noting that the state law malpractice claim required proof of patent infringement in order to show the essential element that the party would have prevailed in prior litigation). In the present case, Farlie Turner asserts that federal jurisdiction is proper because there is a "strong federal interest in the adjudication of copyright infringement claims in federal courts because copyright law falls within the exclusive jurisdiction of federal courts." Resp. at 10. However, for a federal interest to be substantial, it must "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable, 545 U.S. at 315. The Eleventh Circuit, distinguishing Air Measurement, has noted that the resolution of pure issues of federal law provides the strongest basis for that "resort

6

to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Adventure Outdoors, 552 F.3d at 1299 (citing Grable, 545 U.S. at 315). Here, unlike in Air Measurement, the resolution of the copyright infringement claim does not require a resort to a federal forum. Paulet's claim involves federal copyright provision 17 U.S.C. § 501, the meaning of which is clear.[5] See Adventure Outdoors, 552 F.3d at 1290 (remanding defamation claim where court was "not persuaded that the meaning of the relevant federal law" was unclear). As in Adventure Outdoors, resolution of Paulet's claims requires the application of clearly defined federal law to the Parties' factual arguments to reach its decision. Id.

Furthermore, comparing this case to Grable illuminates the lack of a substantial federal issue. Here, the federal copyright provision does not require interpretation, whereas in Grable, the resolution of the case depended upon an evaluation of the Internal Revenue Service's actions in connection with its construction of a statute it was charged with administering. Grable, 545 U.S. at 315. Federal jurisdiction was proper in Grable because the Court resolved an unsettled area of law. Id. (noting the Government "has a direct interest in the availability of a federal forum to vindicate its own administrative action, and buyers (as well as tax delinquents) may find it valuable to come before judges used to federal tax matters").

The reasoning in Grable is simply not applicable here, as no construction of federal law is in dispute, nor are any acts of any federal agency in controversy. Neither party is arguing for a different interpretation of copyright law. Rather, this is a "fact-bound and situation-specific"

---

[5] "Anyone who violates any of the exclusive rights of the copyright owner. . .is an infringer of the copyright." 17 U.S.C. § 501(a). To establish infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist, 499 U.S. at 361. Therefore, the state court need only apply the facts of this case to that law. The state court will not need to interpret or settle the meaning of § 501(a). Thus, there is no threat to the interest of the federal courts in determining the meaning of copyright law.

claim. See Empire, 547 U.S. at 700. To resolve this claim, the Court must determine whether the facts of the case show that Farlie Turner was violating copyright law and whether Paulet was fired because of his objections to that allegedly unlawful conduct, which is "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law." Adventure Outdoors, 552 F.3d at 1299 (citing Bennett, 484 F.3d at 910 (7th Cir. 2007)). Therefore, the federal issue to be resolved in Paulet's FWA claim is not substantial.

  C.  The Balance of Federal and State Judicial Responsibilities Supports Remand

  The balance of federal and state judicial responsibilities also supports remand in this case. The final prong of the Grable test is whether a federal forum may entertain an action "without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 308. Even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is not absolute. Id. at 313. The federal issue will ultimately necessitate a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. Id.; see also Eastman v. Marine Mech. Corp., 438 F.3d 544, 553 (6th Cir. 2006) (noting that if state employment public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy, the division of judicial labor assumed by Congress would be dramatically upset).

  Although Congress has given the federal district courts exclusive jurisdiction over all claims arising under the laws of the United States, "this jurisdictional provision does not amount to authorization of a federal private right of action" any time a civil plaintiff invokes a federal

statute. Adventure Outdoors, 552 F.3d at 1303. The Court granted federal jurisdiction in Grable in part because of the minimal effect it would have on the balance of federal and state judicial responsibilities. Grable, 545 U.S. at 308 (noting that "because it will be the rare state title case that raises a federal-law issue, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor."). By contrast, in Adventure Outdoors, the Court expressed the concern that by authorizing the exercise of federal jurisdiction, they would open the doors of the federal courts whenever a state law claim is based on the defendant's accusation that the plaintiff violated federal law. Adventure Outdoors, 552 F.3d at 1302.

Concerns about the judicial division of labor exist in the present case. Because the FWA provides a state law cause of action, state courts have a strong interest in plaintiff's litigating FWA claims in state court. The risk is substantial that allowing this case into federal court would open the doors of the federal courts in this Circuit to a plethora of state law employment cases that happen to involve federal issues. Any defendant in an FWA case could remove it simply by referencing a federal issue involved. Thus, this Court finds that the "congressionally approved jurisdictional balance between federal and state courts" supports remand. Grable, 545 U.S. at 314. This case does not fit into the "slim category" of cases where "arising under" jurisdiction can apply when the cause of action pled is not a federal one. Empire, 547 U.S. at 701. Accordingly, Farlie Turner has not met its burden of demonstrating that federal jurisdiction exists.

D.   Attorneys' Fees

Paulet argues that he is entitled to attorneys' fees. Any order remanding a case to state

court may require payment of just costs, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). However, any award of attorneys' fees under § 1447(c) is purely discretionary. Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1243 (11th Cir. 2001). A review of the record in this case does not support Paulet's assertion that he is entitled to attorneys' fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Paulet's Motion to Remand (dkt # 9) is GRANTED. This matter is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Paulet's Motion for Attorney's Fees (dkt #9) is DENIED. The Clerk of Court is directed to CLOSE this case. All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of June, 2010.

K. MICHAEL MOORE
UNITED STATES COURT DISTRICT JUDGE

cc: All counsel of record